# SUPREME COURT OF THE UNITED STATES

No. 09–7328 (09A428)

## JOHN ALLEN MUHAMMAD v. LORETTA K. KELLY, WARDEN

ON APPLICATION FOR STAY AND ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[November 9, 2009]

The application for stay of execution of sentence of death presented to THE CHIEF JUSTICE and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

Statement of JUSTICE STEVENS, with whom JUSTICE GINSBURG and JUSTICE SOTOMAYOR join, respecting the denial of the petition for writ of certiorari.

This case highlights once again the perversity of executing inmates before their appeals process has been fully concluded. Under our normal practice, Muhammad's timely petition for certiorari would have been reviewed at our Conference on November 24, 2009. Virginia has scheduled his execution for November 10, however, so we must resolve the petition on an expedited basis unless we grant a temporary stay. By denying Muhammad's stay application, we have allowed Virginia to truncate our deliberative process on a matter—involving a death row inmate—that demands the most careful attention. This result is particularly unfortunate in light of the limited time Muhammad was given to make his case in the District Court.

I continue to believe that the Court would be wise to adopt a practice of staying all executions scheduled in advance of the completion of our review of a capital defen-

2   MUHAMMAD *v.* KELLY

Statement of STEVENS, J.

dant's first application for a federal writ of habeas corpus. See, *e.g., Emmett* v. *Kelly,* 552 U. S. 942 (2007) (STEVENS, J., joined by GINSBURG, J., respecting denial of certiorari); *Breard* v. *Greene,* 523 U. S. 371, 379 (1998) (STEVENS, J., dissenting). Such a practice would give meaningful effect to the distinction Congress has drawn between first and successive habeas petitions. See 28 U. S. C. §2244(b). It would also serve the interests of avoiding irreversible error, facilitating the efficient management of our docket, and preserving basic fairness by ensuring death row inmates receive the same procedural safeguards that ordinary inmates receive.

Having reviewed petitioner's claims, I do not dissent from the Court's decision to deny certiorari. "I do, however, remain firmly convinced that no State should be allowed to foreshorten this Court's orderly review of . . . first-time habeas petition[s] by executing prisoners before that review can be completed." *Emmett,* 552 U. S., at 943.